Filed 7/17/25  P. v. Barraza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ANTONIO BARRAZA,<br><br>    Defendant and Appellant. | H052480<br>(Santa Clara County<br>Super. Ct. No. C2200117) |

Defendant Juan Antonio Barraza appeals from a judgment entered after pleading no contest to two counts of committing a lewd act on a child by force (Pen. Code, § 288, subd. (b))[1] and one count of committing a lewd act on a child (§ 288, subd. (a)). Appointed counsel for Barraza filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition. Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Barraza was advised of the right to file written arguments on his own behalf but has not responded. Finding no arguable error that would result in a disposition more favorable to Barraza, we affirm the judgment.

---

[1] Unspecified statutory references are to the Penal Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Procedural background

On January 4, 2022, the Santa Clara County District Attorney filed a complaint charging Barraza with one count of assault with intent to commit a felony on a minor (§ 220, subd. (a)(2); count 1 (G. Doe));[2] two counts of committing a lewd act on a child by force (§ 288, subd. (b)(1); counts 2, 4 (G. Doe)); two counts of committing a lewd act on a child under 14 years of age (§ 288, subd. (a); count 3 (G. Doe), count 5 (B. Doe)); and one count of committing a lewd act on a child aged 14 or 15 (§ 288, subd. (c)(1); count 6 (K. Doe)).  The complaint further alleged that, as to counts 2, 3, 4, and 5, the offenses were committed against multiple victims under the age of 14 (§ 667.61, subd. (j)(2)).

The parties appeared for the preliminary examination on July 18, 2023.  At the outset of the hearing, the trial court indicated that the parties had reached a negotiated settlement in which, as described by the district attorney, the People would add a charge of forcible lewd conduct on a child (count 7 (K. Doe)) and Barraza would plead to two counts of forcible lewd conduct on a child (counts 2 and 7) along with one count of lewd conduct on a child under 14 years of age (count 5).  In exchange, the district attorney would dismiss the remaining charges as well as the multiple victim allegations, and Barraza would be sentenced to a term of 17 years in state prison.[3]  Barraza subsequently pleaded no contest to counts 2, 5, and 7.

---

[2] The three victims in this case, G. Doe, B. Doe, and K. Doe, are identified as such in the probation report and we adopt those designations as well to protect their privacy interests.  (Cal. Rules of Court, rule 8.90(b)(4).)

[3] As calculated by both the district attorney and the court, Barraza would be sentenced to the upper term of ten years on count 2, with a consecutive term of two years (one-third the middle term) on count 5 and a consecutive lower term of five years on count 7.

On July 26, 2024, the trial court indicated that the probation department was not able to calculate a seventeen-year sentence as agreed and was instead recommending an eighteen-year term. The parties stated on the record that they agreed to an eighteen-year term but with additional credits of one year in order to reach the agreed-upon term of seventeen years. The trial court, concerned with imposing a longer sentence than Barraza had agreed to in the plea deal, proposed an alternative sentence of 16 years with no adjustment in credits, and the parties stipulated to that resolution. Accordingly, the trial court sentenced Barraza to a total term of 16 years in state prison, consisting of the middle term of eight years on count 2 (§ 288, subd. (b)(1)), consecutive to the lower term of three years on count 5 (§ 288, subd. (a)(1)) and the lower term of five years on count 7 (§ 288, subd. (b)(1)). On the People's motion, the trial court dismissed the remaining counts and enhancements.

The court awarded Barraza a total of 1,064 days of presentence custody credits, consisting of 926 days of custody credits plus 138 days of conduct credits pursuant to section 2933.1. In addition, the court imposed a sexual habitual offender fine of $300 plus a penalty assessment (§ 290.3), a $10,000 restitution fund fine (§ 1202.4, subd. (b)), and an additional $10,000 parole revocation fund fine (§ 1202.45, suspended pending successful completion of parole), but stayed all three fines pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The court waived the court operations assessment of $120 (§ 1465.8) and the criminal conviction assessment of $90 (Gov. Code, § 70373).

Barraza timely appealed.

### B. Factual background[4]

#### 1. Facts relating to count 2

In December 2021, G. Doe reported past incidents in which Barraza, her godfather, had inappropriately touched her. G. Doe reported that she went to Barraza's residence weekly while her parents were at work and she was afraid of Barraza because he would "often attempt to pull her forcefully by her wrist and hips into areas of his residence that were not easily visible to others."

G. Doe recalled a specific incident in November 2021 where Barraza asked her to come into the kitchen, then pulled her into the corner by her wrist. G. Doe was 11 years old when this incident occurred. Barraza put his hand on her breast, over her shirt, and tried to put his other hand inside G. Doe's pants, over her underwear. G. Doe pushed Barraza's hands away and was able to slip past him to the living room where other children were present.

#### 2. Facts relating to count 5

Also in December 2021, B. Doe reported that Barraza, who was also her godfather, had molested her in the past. In 2011, when B. Doe was ten years old, Barraza was babysitting her at his home. B. Doe used the bathroom near Barraza's bedroom and, as she came out, saw her younger sister on Barraza's bed. B. Doe entered the bedroom to play with her sister and Barraza came up behind her and hugged her so tightly she could not move. Barraza put his left hand on her shoulder and used his right hand to squeeze B. Doe's breast, over her shirt, for approximately three seconds. Barraza then let her go and left the room.

---

[4] As Barraza pleaded no contest prior to a preliminary examination, we derive our summary of the facts from the probation report. At his change of plea hearing, Barraza stipulated "the arrest reports, investigation reports, and [] independent information" provided a factual basis for his plea.

### 3. Facts relating to count 7

K. Doe spoke to officers in December 2021 and reported that Barraza, whom she had known since she was an infant, had touched her breasts, vagina, and buttocks "throughout her childhood since she was eight years of age."

K. Doe told officers the most recent incident took place on December 2, 2021, when she attended a wake with her family near Barraza's residence. K. Doe, who was 15 years old at the time, decided to walk to Barraza's house and use his bathroom. When K. Doe went inside the house, Barraza came up to her and put his hands on her lower back, telling her in Spanish that she " 'look[s] so beautiful.' " Barraza touched her "buttocks area and, 'squeezed' her vagina twice" for "approximately ten seconds." K. Doe said that she was "in shock" as this took place, and she ran to the bathroom before eventually returning to her family.

## II. DISCUSSION

Pursuant to *Wende, supra*, 25 Cal.3d at p. 436, we have reviewed the entire record. We find no arguable error that would result in a disposition more favorable to Barraza.

## III. DISPOSITION

The judgment is affirmed.

_____
WILSON, J.

WE CONCUR:


_____
DANNER, ACTING P. J.


_____
BROMBERG, J.


*The People v. Barraza*
H052480